IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-80027 |
| | ) | |
| JENNIFER MICHELLE MORALES, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## **MEMORANDUM**

Hearing was held in Omaha, Nebraska, on March 26, 2007, on Debtor's Motion to Extend Automatic Stay (Fil. #15), and a Resistance filed by the U.S. Department of Agriculture/Rural Development (Fil. #22). Richard L. Johnson appeared for Debtor, and Laurie M. Barrett appeared for the U.S. Department of Agriculture ("USDA"). This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(G).

Debtor has been a party to three different bankruptcy proceedings which are, or have been, pending within the last year. Those cases are as follows:

1. BK05-83698 was a Chapter 13 proceeding filed on September 16, 2005, and was dismissed for nonpayment of fees on April 11, 2006.

2. BK06-80752 was a Chapter 7 proceeding filed on June 1, 2006, and was dismissed on June 27, 2006, for failure to timely file schedules and other documents.

3. BK07-80027, the present Chapter 13 proceeding, was commenced on January 6, 2007. On February 16, 2007, Debtor filed her motion to extend the automatic stay pursuant to 11 U.S.C. § 362(c) (Fil. #15).[1] The USDA objected (Fil. #22) because Debtor's motion to extend the stay was not filed within the 30-day period required by 11 U.S.C. § 362(c)(3)(A) and (B).

At the hearing, both parties argued as if the operative section of the Code was 11 U.S.C. § 362(c)(3), which applies when there is one prior case of a debtor dismissed within the preceding one-year period. However, as indicated above, there were actually two prior cases of Debtor dismissed within one year of the filing of the present case.[2] Accordingly, the operative Code section is 11 U.S.C. § 362(c)(4), which provides as follows:

---

[1] As discussed herein, this is really a motion to impose the automatic stay under 11 U.S.C. § 362(c)(4), as opposed to a motion to extend the automatic stay under 11 U.S.C. § 362(c)(3).

[2] The USDA indicated that it was not aware of the second filing, the short-lived Chapter 7 proceeding and, therefore, proceeded under 11 U.S.C. § 362(c)(3) instead of (c)(4).

> (4)(A)(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, * * * the stay under subsection (a) shall not go into effect upon the filing of the later case; and
>
> \*\*\*
>
> (B) if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;
>
> \*\*\*
>
> (D) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary) –
>
>> (i) as to all creditors if –
>>
>>> (I) 2 or more previous cases under this title in which the individual was a debtor were pending within the 1-year period[.]

Clearly, two cases of this Debtor were pending within the previous year and were dismissed. Therefore, the automatic stay under 11 U.S.C. § 362(a) did not go into effect on the filing of the present case. Further, there is a presumption that the present case was not filed in good faith due to those prior filings. That presumption may be rebutted by clear and convincing evidence to the contrary.

Debtor's argument is that her circumstances have changed since the first filing. At the time of the first filing, Debtor was unemployed, had three children at home, and a husband who had "disappeared." Debtor is now gainfully employed and believes that she has the ability to fund a Chapter 13 plan. Specifically, Debtor desires to use the Chapter 13 bankruptcy to reinstate her home mortgage with the objecting USDA. In her schedules, Debtor values the property at approximately $80,000.00 and the amount of the USDA's claim in the amount of approximately $73,000.00 with pre-petition arrearages of $5,000.00.

Debtor's plan has drawn objections from the USDA and the Chapter 13 Trustee. The USDA argues that the automatic stay does not apply and, therefore, it should not be treated under the plan. The Chapter 13 Trustee argues that the plan is under-funded. Specifically, the Chapter 13 Trustee notes that the USDA has filed a proof of claim in the amount of $81,000.00, with a pre-petition arrearage on the home mortgage in the amount of $19,000.00. Thus, Debtor's plan is under-funded based on the claims filed. Further, the Chapter 13 Trustee argues that the plan is not feasible. The plan objections are set for hearing at a later date.

As discussed, above, 11 U.S.C. § 362(c)(4) is clear. The automatic stay did not arise upon the filing of this proceeding. If Debtor wanted this Court to impose the automatic stay, Debtor was

required to make that request within 30 days of the filing. Debtor did not do so and her motion must be denied as untimely.

Even if this Court were to consider the motion despite the fact that it was not timely filed, Debtor has failed to rebut the presumption that the present case was not filed in good faith since Debtor has failed to present clear and convincing evidence to the contrary. In fact, Debtor did not offer any evidence other than requesting that the Court take judicial notice of the prior filings. Schedule I in the present case does indicate that Debtor was employed for a period of five months as a bartender as of the date of filing. However, Debtor's schedules dramatically understate the arrearage due to the USDA. The schedules indicate an arrearage of approximately $5,000.00, while the proof of claim filed by the USDA indicates a pre-petition arrearage of approximately $19,000.00. According to the proof of claim, Debtor was due for 29 pre-petition mortgage payments. Debtor did not present any evidence to the contrary. As a result, there is no question that Debtor's plan is severely under-funded.

Further, based on Debtor's income and expenses set forth in her Schedules I and J, properly funding a plan to pay the arrearages owed to the USDA does not appear to be feasible. The probability of success of Debtor's plan is the most important factor in determining good faith. *In re Carr,* 344 B.R. 776, 781 (Bankr. N.D. W. Va. 2006). A debtor's failure to establish as a matter of fact that her plan is feasible may support a finding of lack of good faith, particularly where that failure occurs in a second or third bankruptcy case commenced by the same debtor in which the same objecting creditor's interests are implicated. *In re Kurtzahn*, 337 B.R. 356, 364-65 (Bankr. D. Minn. 2006). *See also Educ. Assistance Corp. v. Zellner*, 827 F.2d 1222, 1227 (8th Cir. 1987) (good faith in Chapter 13 involves factors such as accurately stating debts and expenses, not misleading the bankruptcy court, and not unfairly manipulating the Bankruptcy Code).

Accordingly, Debtor has failed to present clear and convincing evidence to rebut the presumption under 11 U.S.C. § 362(c)(4) that the present case was not filed in good faith. Debtor's motion to extend (or impose) the automatic stay (Fil. #15) is denied.

Separate order to be filed.

DATED: March 28, 2007.

                                        BY THE COURT:

                                         /s/ Thomas L. Saladino
                                        United States Bankruptcy Judge

Notice given by the Court to:
    *Richard L. Johnson
    Laurie M. Barrett
    Kathleen Laughlin

U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.